34 So.2d 28

### GIBBS v. STATE.
### 7 Div. 923.

Court of Appeals of Alabama.
Feb. 10, 1948.

Obe Riddle, of Talladega, for appellant.

A. A. Carmichael, Atty. Gen., and Hugh F. Culverhouse, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

The prosecution in this case was begun in the county court where the defendant was charged by affidavit and complaint, with the offense of violating the State prohibition law, in that, the accused "did accept delivery of, received, have in possession, sell, offer for sale, or otherwise disposed of, prohibited liquors and beverages, contrary to law, and in the last twelve months.

The trial in the county court resulted in the conviction of the defendant. From the judgment of conviction pronounced and entered, an appeal was taken, and perfected, to the circuit court, and defendant demanded a jury trial, which was accorded.

In the circuit court he was, as stated, tried by a jury upon a complaint filed

by the solicitor, the complaint being proper in form and substance.

■ The case in the circuit court presents a simple question of fact which under the conflicting evidence was for the jury to consider and determine.

The evidence upon the trial disclosed without dispute or conflict that the searching officers of the law, three in number, found a large quantity of whiskey, about four or five full cases, and nine extra quarts in the home of defendant, who was present at the time of the search. The State witnesses testified that at the time of the search, which was in the early afternoon of the day in question, that the defendant was in bed in the same room where the several cases of whiskey were found, and one of the officers asked him, "Ted, is this all the whiskey you have got." To which he replied: "Yes sir, that is all I have got." That is the whiskey that was found in his room. Said State witness also testified that defendant did not say anything about where the whiskey came from.

■ No motion for a new trial was made, nor have we been favored with a brief by defendant's counsel; this, of course, is not essential or mandatory, for the law, Title 15, Section 389, Code of Alabama 1940, expressly provides in cases of this character (criminal) taken to the appellate courts, no assignment or joinder in errors is necessary, but the court must consider all questions apparent on the record or reserved by exceptions, and must render such judgment as the law demands. But the judgment of conviction must not be reversed because of error in the record when the court is satisfied that no injury resulted therefrom to the defendant.

Pursuant to said duty, this court has accorded to the requirement of the foregoing statute and have carefully considered every ruling of the court to which exception was reserved. In this connection we have discovered no ruling of the court that erroneously affected the substantial rights of defendant. To the contrary, under the proven facts, that defendant was accorded a fair and impartial trial, free from error, such as the law contemplates and provides.

There is no phase of this case that entitled defendant to a directed verdict, hence no error prevailed in the action of the court in refusing to defendant the general affirmative charge.

■ What has hereinabove been said has reference to the judgment of the court as to the conviction of the defendant based upon the evidence. To that extent said judgment is affirmed.

■ The cause must, perforce, be remanded to the lower court with instructions to comply with the provisions of Title 15, Sections 341 and 342 of the Code of Alabama, which provides:

"If the fine and costs are not paid, or a judgment confessed according to the provisions of sections 339 and 340 of this title, the defendant must either be imprisoned in the county jail or, at the discretion of the court, sentenced to hard labor for the county as follows: If the fine does not exceed twenty dollars, ten days; if it exceeds twenty dollars and does not exceed fifty dollars, twenty days; if it exceeds fifty and does not exceed one hundred dollars, thirty days; if it exceeds one hundred and does not exceed one hundred and fifty dollars, fifty days; if it exceeds one hundred and fifty, and does not exceed two hundred dollars, seventy days; if it exceeds two hundred and does not exceed three hundred dollars, ninety days; and for every additional one hundred dollars, or fractional part thereof, twenty-five days.

"If, on conviction, judgment is rendered against the accused that he perform hard labor for the county, and if the costs are not presently paid or judgment confessed therefor, as provided by law, then the court may impose additional hard labor for the county for such period, not to exceed ten months, as may be sufficient to pay the costs, at the rate of seventy-five cents per day, and the court must determine the time required to work out such costs at that rate * * *."

Affirmed. Remanded for proper sentence.